UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN EDWARD LAW,

          Plaintiff,

  v.

PIERCE COUNTY JUDICIAL SYSTEM,

          Defendant.

CASE NO. C23-5244 BHS

ORDER

THIS MATTER is before the court on Magistrate Judge S. Kate Vaughan's Report and Recommendation (R&R), Dkt. 8, recommending that the Court dismiss pro se plaintiff Brian Law's complaint for failure to state a plausible claim. Law has objected to the R&R, Dkt. 9, supplemented his objections, Dkt. 10, and written a letter regarding these filings, Dkt. 11.

Law is a pre-trial detainee, being held at the Pierce County Jail. The charges are unclear. Law sued the "Pierce County Judicial System," alleging that the ongoing criminal proceedings against him violate the United States Constitution. He is specifically concerned that he will not be permitted to attend the omnibus hearing under Washington

ORDER - 1

Superior Court Criminal Rule 4.5. The R&R explains that the defendant is not an independent legal entity subject to a 42 U.S.C. § 1983 claim, and that the judge(s) he complains about are judicially immune from suit.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

Law's objections do not counter these points. Nor do they address the R&R's alternate basis for dismissal, that federal courts generally do not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of

irreparable harm is both great and immediate. *See* Dkt. 8 at 6–7 (citing *Younger v. Harris*, 401 U.S. 37, 43–45 (1971)). The R&R properly concluded that Law has not made such a showing, and that *Younger* abstention is appropriate.

The Court has conducted a de novo review of the R&R and the record, and Law's objections. The R&R is **ADOPTED** and this matter is **DISMISSED without prejudice**.

The Clerk shall enter a JUDGMENT and close the case.

IT IS SO ORDERED.

Dated this 25th day of May, 2023.

BENJAMIN H. SETTLE
United States District Judge